UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : CRIMINAL ACTION NO. |
| | : 3:07-CR-00052 (JCH) |
| v. | : |
| | : |
| SHAMAR SWINTON | : MARCH 8, 2012 |
| | : |
| | : |

**RULING RE: MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES TO CRACK COCAINE OFFENSE, 18 U.S.C. § 3582 (DOC. NO. 61)**

On February 2, 2012, the defendant, Shamar Swinton, filed a pro se Motion to Reduce Sentence, seeking a reduction in the 120-month term of imprisonment imposed by this court on June 17, 2008. See Motion to Reduce Sentence (Doc. No. 61).

On January 28, 2008, Swinton pled guilty to possession with the intent to distribute 50 grams or more of cocaine base, in violation of sections 841(a)(1) and (b)(1)(A) of the Title 21 of the United States Code. See Plea Agreement (Doc. No. 43) at 1. On June 17, 2008, this court sentenced Swinton to 120 months of imprisonment, the mandatory minimum term of imprisonment for the offense. See Judgment (Doc. No. 56). The court also imposed five years of supervised release, the mandatory minimum term of supervised release for the offense. Id.

Swinton requests a reduction to his sentence based on a retroactive application of the sentencing guidelines and the Fair Sentencing Act of 2010, Pub L. No. 111-220, 124 Stat. 2372 (codified as amended in scattered sections of 18 U.S.C.). Mot. to Reduce Sentence at 1.[1] It is true that "the United States Sentencing Commission

---

[1] Both the government and Swinton's counsel have informed the court that they do not intend to

amended the sentencing guidelines in light of the [Fair Sentencing Act], and in June 2011 voted to give retroactive effect to the amendment." United States v. Midyett, No. 10-cr-2478, 2011 WL 5903672, at *2 n.2 (2d Cir. Nov. 28, 2011).  The retroactivity of the amended guidelines does not change the fact that the Fair Sentencing Act is not itself retroactive.  Id.  Thus, the amended guidelines "cannot benefit a defendant . . . who received the mandatory minimum term of imprisonment applicable at the time he was sentenced."  Id.; United States v. Williams, 551 F.3d 182, 185-86 (2d Cir. 2009).  Because Swinton was sentenced to the statutory mandatory minimum, he is not eligible for a reduced sentence.  Therefore, the Motion to Reduce Sentence (Doc. No. 61) is **DENIED.**

**SO ORDERED.**

      Dated at Bridgeport, Connecticut this 8th day of March, 2012.


                                      /s/ Janet C. Hall
                                      Janet C. Hall
                                      United States District Judge

---

respond to Swinton's Motion, and that they agree that Swinton is ineligible for resentencing.